UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
05-10262-PBS

UNITED STATES OF AMERICA

v.

SROUCH KHUT, et al.

**ORDER ON DEFENDANT'S MOTION FOR PRODUCTION OF
AGENT AND OFFICER NOTES AND EXCULPATORY EVIDENCE**

March 15, 2006

DEIN, U.S.M.J.

This matter is before the court on Defendant's Motion for Production of Agent and Officer Notes and Exculpatory Evidence (Docket No. 32). By this motion, defendant Srouch Khut ("Khut") is seeking the production of all "rough handwritten notes" taken by any government agent "during any surveillance and investigation of the defendant." Motion at 1. These notes include, but are not limited to, the notes of Special Agent Christian Brackett who testified at Khut's detention hearing and is expected to testify at trial. According to Khut, these notes are subject to production under the Jencks Act, 18 U.S.C. § 3500, and may also include exculpatory evidence.

Pursuant to Federal Rule of Criminal Procedure 26.2 and the Jencks Act, a statement of a testifying witness that "relates to the subject matter of the witness's testimony" must be produced. Fed. R. Crim. P. 26.2(a). "Statements" are defined in Rule 26.2(f) and § 3500(e), in relevant part, as "a written statement that the witness

makes and signs, or otherwise adopts or approves." Fed. R. Crim. P. 26.2(f)(1). The instant motion raises the question whether the handwritten notes constitute such a statement.

To the extent that the notes may constitute exculpatory evidence, that is a determination to be made by the Government. Based on the record presently before the court, this court finds no reason to interfere with the Government's obligation to assess the significance of the notes, and no in camera inspection of the documents will be ordered on that basis.

With respect to whether the notes constitute written statements by a witness, this court is persuaded by the analysis of Judge Collings in his Memorandum and Order of January 19, 2006 in the case of United States v. Melo, Criminal No. 05-10115-JLT (Docket No. 138) (hereinafter "Melo Order"). Therein, Judge Collings addressed "whether an agent's rough handwritten notes taken while conducting surveillance during an investigation of the defendant are subject to production to defendant's counsel[.]" Judge Collings concluded that rough notes which had not been adopted or approved as a statement of the witness were not subject to production. See Melo Order at 17. This court agrees with the legal analysis detailed in the Melo Order, and it will not be repeated herein.

"It is the function of the trial court to determine the issue of producibility, i.e., to decide whether the notes in question constitute a 'statement' within the meaning of the Act." United States v. Johnson, 521 F.2d 1318, 1319 (9th Cir. 1975). In applying the law to the facts in Melo, Judge Collings relied on the fact that the agent had "testified

extensively" about how and why the notes were prepared, and had been "thoroughly cross-examined" on the subject.  Melo Order at 18.  Based on that examination, there was "no doubt" that the notes did not constitute "statements" under the Jencks Act.  As a result, there was no need for an in camera inspection of the notes.  Id.

In the instant case, the court does not have a comparable factual record relating to the notes of Agent Brackett.  Consequently, it is hereby ORDERED that the Government file an affidavit from Agent Brackett addressing whether the notes are statements which have been signed or otherwise adopted or approved, and including, without limitation, a description of the circumstances surrounding the making of the notes.  The Government shall also produce to the court copies of the notes for an in camera inspection solely for the purpose of determining whether the notes constitute a statement under Federal Rule of Criminal Procedure 26.2(f)(1) and the Jencks Act; the notes will not be reviewed to determine if they contain exculpatory evidence.

The Government shall comply with this order by March 27, 2006.

       / s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge