**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
        v.                          )       Criminal Action
                                    )       No. 05-10262-PBS
SROUCH KHUT,                        )
                                    )
                Defendant.          )
_____)

**MEMORANDUM AND ORDER**

September 12, 2019

Saris, C.J.

On November 27, 2007, the Court sentenced Defendant Srouch Khut ("Khut") to 262 months of prison and eight years of supervised release for conspiring to sell five or more grams of cocaine base (i.e., crack cocaine) pursuant to 21 U.S.C. § 841(b)(1)(B)(iii). Since then, Congress passed the Fair Sentencing Act of 2010, which raised the drug quantity thresholds for crack cocaine under § 841, and the First Step Act of 2018, which made those threshold changes retroactive to sentences imposed prior 2010. Khut now moves for relief under the First Step Act, asking that the Court resentence him to time served and six years of supervised release based on the revised drug quantity thresholds under § 841. The Government opposes Khut's request for resentencing. After hearing, the Court **ALLOWS** Khut's motion (Dkt. No. 237).

1

**BACKGROUND**

On September 28, 2005, Khut was named as one of six defendants in an eight-count indictment for drug conspiracy and related charges. The indictment charged Khut with a single count of conspiracy to distribute at least 50 grams of crack cocaine under 21 U.S.C. § 841(b)(1)(A)(iii). Id. The charge carried a minimum sentence of ten years in prison and a maximum sentence of life. On August 8, 2007, the Government filed an information against Khut pursuant to 21 U.S.C. § 851 based on three prior felony convictions -- two felony drug convictions and one violent crime conviction. The § 851 enhancement increased Khut's mandatory minimum sentence from ten years to life in prison.

Khut and the Government subsequently reached an agreement whereby he would plead guilty to a lesser included charge of conspiracy to distribute at least 5 grams of crack cocaine under 21 U.S.C. § 841(b)(1)(B)(iii). The lesser charge carried a mandatory minimum sentence of five years in prison and a maximum sentence of 40 years. With the § 851 enhancement, however, the mandatory minimum sentence increased from five years to ten and the maximum sentence from 40 years to life in prison. Although he still faced substantial criminal penalties, Khut agreed to plead guilty to the lesser charge to avoid the mandatory life sentence he originally faced under § 841(b)(1)(A)(iii). Specifically, he agreed to accept responsibility for 49.8 grams

2

of crack cocaine that the Government's confidential witness purchased from him in controlled buys. In exchange, the Government agreed not to pursue additional drug quantities that it believed were attributable to him.[1]

On August 15, 2007, Khut pleaded guilty to a single violation of 21 U.S.C. § 841(b)(1)(B)(iii). During the plea colloquy, he admitted that he had sold 49.8 grams of crack cocaine. Probation then prepared a presentence report that calculated his sentencing guideline range. Khut was a criminal history category VI. Based on the statutory maximum of life imprisonment, his career offense level was 37, but, after a three-level reduction for acceptance of responsibility, it came down to 34. Thus, his guidelines range was 262-327 months. On November 27, 2007, the Court imposed a low end of the guidelines sentence of 262 months with eight years of supervised release. The Court declined Khut's request for a below the guidelines sentence based on 18 U.S. C. § 3553(a) factors.

Khut is now 46 years old and has served 193 months of his 262-month sentence. He is currently set for release in August 2024. Khut is not a U.S. citizen and there is a pending ICE detainer lodged against him.

---

[1] The Court had suppressed some but not all of the additional drug amounts that the Government claimed were attributable to Khut. See Dkt. No. 135 at 14.

**ANALYSIS**

At the time of Khut's original sentencing, § 841(b)(1)(A)(iii) prohibited possession with intent to distribute 50 grams or more of crack cocaine, § 841(b)(1)(B)(iii) covered 5 grams or more, and § 841(b)(1)(C) covered less than 5 grams. Each subsection carries its own minimum and maximum penalties, with the subsections covering larger drug amounts commanding harsher penalties. In 2010, three years after Khut was sentenced, Congress enacted the Fair Sentencing Act, which modified the drug quantity thresholds under § 841. Now, § 841(b)(1)(A)(iii) covers 280 grams or more of crack cocaine, § 841(b)(1)(B)(iii) covers 28 grams or more, and § 841(b)(1)(C) covers less than 28 grams. Under the Fair Sentencing Act, however, these changes were not retroactive and only applied to sentences imposed after August 2010. Last year, Congress enacted the First Step Act, which made the Fair Sentencing Act changes retroactive to sentences imposed prior to August 2010.

On this basis, Khut now asks the Court to re-sentence him to a lesser term of imprisonment and supervised release. He argues that under the revised drug amount thresholds the lesser penalties of § 841(b)(1)(C) are now applicable to him. The Government opposes this request, arguing that because Khut admitted to being responsible for 49.8 grams of crack cocaine his original sentence under § 841(b)(1)(B)(iii) still applies.

4

The crux of the parties' dispute is whether the Court should look to the elements of the crime to which Khut pleaded guilty or to his admitted conduct to determine if he is eligible for relief under the First Step Act. In other words, they dispute whether the relevant drug amount is the "5 grams or more" that was an element of Khut's conviction under § 841(b)(1)(B)(iii) or the 49.8 grams he admitted to during his plea colloquy. If the former, then the lesser penalties under § 841(b)(1)(C) apply to him because it is less than 28 grams. If the latter, then the penalties under § 841(b)(1)(B) still apply to him because it is more than 28 but less than 280 grams.

Although the First Step Act was only recently enacted, this Court is not the first to address the issue. To date, the vast majority of courts have endorsed Khut's reading of the First Step Act that the statute of conviction determines eligibility for relief rather than actual conduct. See United States v. Rose, 379 F. Supp. 3d 223, 230 (S.D.N.Y. 2019) (collecting cases). And many have done so notwithstanding the fact that the defendants admitted to being responsible for drug quantity amounts that would make them subject to the same penalties if they were charged today. See, e.g., United States v. Thompson, No. 3:07-CR-30034, 2019 WL 3308334, at *6 (W.D. La. July 23, 2019) (finding defendant eligible for First Step Act relief even though plea agreement admitted responsibility for more than one

5

kilogram of crack cocaine); United States v. Wright, No. 03 CR 362-2, 2019 WL 3231383, at *3 (N.D. Ill. July 18, 2019) (same where plea agreement admitted responsibility for at least 286 grams of crack cocaine); United States v. Martin, No. 03-CR-795 (ERK), 2019 WL 2571148, at *3 (E.D.N.Y. June 20, 2019) (same where pleas agreement and defendant at sentencing admitted responsibility for more than 1.5 kilograms of crack cocaine). The Court agrees with these courts' interpretation of the First Step Act and finds that Khut is eligible for relief on the basis that he pleaded guilty to possession with intent to distribute 5 grams or more of crack cocaine.

In the alternative, the Government asks that the Court exercise its discretion to not grant relief under the First Step Act. See First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194 ("A court that imposed a sentence for a covered offense may . . . impose a reduced sentence . . . ." (emphasis added)). The Government contends that if the Court reduces Khut's sentence it will be providing him an "unjustified windfall" because if he was charged with same crime today, he would be subject to the same penalties under § 841(b)(1)(B) based on his admission that he was responsible for 49.8 grams of crack cocaine. The Court is not so certain. The agreement with respect to drug amount reached between the Government and Khut back in 2007 was the product of the statutory framework that was

in place at the time. Indeed, Khut's counsel specifically stated that he was admitting to the 49.8 grams in exchange for the Government dropping a charge that carried a mandatory life sentence. It is far from clear that the Khut would make the same agreement today. Cf. United States v. Pierre, 372 F. Supp. 3d 17, 22 (D.R.I. 2019) (observing how the Government's position "requires the Court to employ a prosecutor-friendly 'way-back machine' to conjure how the charge, plea, and sentencing would have looked had the Fair Sentencing Act of 2010 been in effect"). In any case, the First Step Act was specifically intended to provide relief to criminal defendants like Khut who were sentenced for crack cocaine offenses prior to the Fair Sentencing Act. Thus, the Court will exercise its discretion to resentence him.

Finally, the parties disagree over what the Court may consider in resentencing a criminal defendant pursuant to the First Step Act. But the Court does not need to reach that legal issue here. The parties at least agree that if Khut is eligible for relief (he is), the Court is permitted to impose a reduced sentence based on the recalculated guideline range and its assessment of the § 3553(a) factors based on the facts in the record. The Court finds that Khut is now subject to the criminal penalties under § 841(b)(1)(C). The maximum penalty under § 841(b)(1)(C), with the § 851 enhancement, is 30 years

imprisonment. This reduces Khut's career offense level from 37 to 34 and, with the additional three-point reduction for acceptance of responsibility, his total offense level is reduced to 31. Khut's criminal history category is unchanged by the First Step Act. Based on a total offense level of 31 and a criminal history category of IV, Khut's new guideline range is 188 to 235 months and his term of supervised is six years. Khut has already served 193 months of his original 262-month sentence, meaning he has already served more time than the bottom of the sentencing guidelines range. It is also worth pointing out that Khut has not committed a single disciplinary infraction in the more than sixteen years he has been in prison. Accordingly, the Court will allow Khut's request for resentencing.

## ORDER

For the foregoing reasons, Khut's motion (Dkt. No. 237) is **ALLOWED**. The Court shall schedule resentencing.

SO ORDERED.

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge